IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Case No. 09-cv-00290-PAB-BNB

DONALD SCOTT MARTIN,

    Plaintiff,

v.

CANRIG DRILLING TECHNOLOGY, LTD.,
EPOCH WELL SERVICES,
NABORS INDUSTRIES, LTD.,
MARK CAREY, and
RUSSELL HALL,

    Defendants.

---

## ORDER COMPELLING ARBITRATION

---

    This matter is before the Court on defendants Canrig Drilling Technology, Ltd., Epoch Well Services, Mark Carey, and Russell Hall's (collectively, "movants") Unopposed Motion to Stay Proceedings and to Compel Arbitration [Docket No. 5]. In their motion, movants certified pursuant to D.C.COLO.LCivR 7.1A that counsel for plaintiff stated that plaintiff does not oppose the relief sought by movants. The deadline for plaintiff's response to the motion to compel arbitration has since passed, *see* D.C.COLO.LCivR 7.1C, without any response from plaintiff.

    In a case involving a written arbitration agreement between the parties that encompasses the disputes at issue in the litigation, section 3 of the Federal Arbitration Act, 9 U.S.C. § 3, instructs courts to stay the action "until such arbitration has been had in accordance with the terms of the agreement." Upon review of the motion to compel

arbitration and the attachments thereto, the Court concludes that arbitration is necessary in this case.  However, the Court will administratively close this case, subject to reopening for good cause, rather than granting a stay of proceedings during the pendency of the arbitration proceedings.  *See Quinn v. CGR*, 828 F.2d 1463, 1465 & n. 2 (10th Cir.1987) (construing closure of case subject to reopening upon a showing of good cause as the practical equivalent of a stay).

Accordingly, it is

**ORDERED** that defendants' motion to stay proceedings and to compel arbitration [Docket No. 5] is GRANTED in part and DENIED in part.  The motion is granted to the extent is seeks to compel plaintiff to arbitrate the claims that he asserts in this action against defendants.  The motion is denied to the extent that it requests a stay of this action.  It is further

**ORDERED** that the parties shall proceed to binding arbitration in a manner consistent with the dispute resolution program attached as Exhibit 1 to the motion to compel arbitration.  It is further

**ORDERED** that this action shall be administratively closed, subject to reopening for good cause, pursuant to D.C.COLO.LCivR 41.2.  It is further

**ORDERED** that not later than twenty days after the completion of the arbitration proceeding, the parties shall file a status report advising the Court whether they believe the case should be reopened for good cause for any further proceedings in this Court or

whether the case may be dismissed.

DATED June 12, 2009.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge